NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3436
_____

UNITED STATES OF AMERICA

v.

ERIC J. JOHNSON,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1-12-cr-00150-001
District Judge: The Honorable Yvette Kane

_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 21, 2021

Before: SMITH, *Chief Judge*, MATEY, and FISHER, *Circuit Judges*

(Filed June 23, 2021)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Eric Johnson appeals the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, we will affirm.

## I.

In July 2013, Johnson pleaded guilty to conspiracy to distribute crack cocaine. *See* 21 U.S.C. § 846. The District Court ultimately sentenced him to a term of 188 months. He is projected for release in December 2027.

In August 2020, Johnson sought compassionate release from the warden at FCI Petersburg Low where he was then imprisoned. The warden denied the request. Through court-appointed counsel, Johnson sought relief in the District Court. The District Court issued a reasoned order denying Johnson's compassionate release motion. This pro se appeal followed.

## II.[1]

A District Court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). If extraordinary and compelling reasons exist, then the District

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3582. We have jurisdiction under 28 U.S.C. § 1291.

Court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.* § 3582(a). Those factors include, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to promote respect for the law and provide just punishment, and the need to protect the public from further crimes by the defendant. *Id.* § 3553(a).

We review the District Court's order denying compassionate release for abuse of discretion. *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). Accordingly, we will not disturb the District Court's decision unless we have a "definite and firm conviction" that an error was committed. *Id.* (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

### III.

Johnson is fifty years old and suffers from latent tuberculosis and stage 2 chronic kidney failure, which he claims places him at a heightened risk of severe illness or death from COVID-19. He contends that the District Court abused its discretion by concluding that his age and health conditions do not constitute extraordinary and compelling circumstances warranting compassionate release.

In reaching its decision, the District Court observed that Johnson had previously contracted COVID-19 "with no apparent deterioration in his health" and that FCI Petersburg Low "appears to have arrested the spread of the virus

3

within that institution." District Court Order, Nov. 5, 2020, at 4. Johnson does not respond to either of these points. We see no abuse of discretion in the District Court's determination.

Next, Johnson claims that the District Court abused its discretion when considering the § 3553(a) factors. He claims that, by having served about half of his sentence, he has already received just punishment for his crime. He also points out that he maintains employment, takes advantage of educational and vocational opportunities, and has avoided major disciplinary problems. He contends that he has a low likelihood of recidivism, that he has been adequately deterred, and that his continued incarceration is not necessary to protect the public.

The District Court disagreed. It observed that, even if Johnson's health and age constitute extraordinary and compelling reasons for relief, the § 3553(a) factors "weigh[] strongly" against compassionate release. District Court Order, Nov. 5, 2020, at 4. The District Court observed that Johnson is a career offender and that his original sentence of 188 months "was deemed necessary to protect the public, promote respect for the law, and serve the purposes of deterrence and adequate rehabilitation due to Johnson's repeated drug convictions, parole violations, illegal weapon possession, and history of violence." *Id.* The District Court therefore concluded that requiring him to serve the remainder of his sentence is necessary to meet those sentencing objectives. *Id.*

4

Again, we are not left with the "definite and firm" conviction that the District Court erred. *Pawlowski*, 967 F.3d at 330 (quoting *Oddi*, 234 F.3d at 146). We therefore will not disturb the District Court's judgment.

IV.

Because the District Court did not abuse its discretion, we will affirm the order denying compassionate release.